UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| **PETER OKYERE,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.:<br>) |
| **JOHN BEAN TECHNOLOGIES CORPORATION,** | )<br>)<br>)<br>)<br>) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, PETER OKYERE ("Plaintiff" or "Okyere"), and files his Complaint against Defendant, JOHN BEAN TECHNOLOGIES CORPORATION ("Defendant" or "JBT"), and in support states the following:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages pursuant to the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"), and Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA").

2. This action is to redress Defendant's unlawful employment practices against Plaintiff including Defendant's retaliation for Plaintiff's lawful exercise of his rights under the FMLA and unlawful discrimination and harassment against Plaintiff due to his disability leading to his unlawful termination.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the FMLA and ADA.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

5. Plaintiff, Okyere, is a citizen of the United States, and is and was at all times material, a resident of the state of North Carolina.

6. Defendant, JBT, is a foreign for-profit corporation with its headquarters in Chicago, Illinois.

7. Defendant does business and Plaintiff worked for Defendant in this District.

8. Defendant is an employer as defined by the all laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On December 13, 2019, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") against Defendant satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (c) based on disability and retaliation.

11. Plaintiff's EEOC charge was filed within one hundred eighty days after the alleged unlawful employment practices occurred.

12. On December 17, 2019, Plaintiff filed an Amended EEOC Charge.

13. On February 13, 2020, the EEOC issued to Plaintiff a Dismissal and Notice of Rights.

14. This complaint was filed within ninety days of the EEOC's issuance of the Dismissal and Notice of Rights.

## **FACTS**

15. Plaintiff was employed by Defendant for approximately one year and six months. At the time of his termination Plaintiff held the position of Machine Repair Technician I.

16. Plaintiff is disabled.

17. In May 2019 Plaintiff suffered bilateral quadriceps tendon ruptures causing him to become disabled.

18. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

19. In June 2019, Plaintiff called Russell Burnett, Manager, and inquired about FMLA leave. Mr. Burnett directed Plaintiff to contact Carrie Griffiths, Senior Human Resources Business Partner.

20. Plaintiff did so and was provided information and documents for FMLA leave. Plaintiff subsequently applied and was approved for FMLA leave.

21. Plaintiff utilized his FMLA leave.

22. In September 2019, Plaintiff saw his orthopedic doctor and was released to return to work with light duty restrictions.

23. Subsequently, Plaintiff emailed Ms. Griffiths to notify her that he had been released to work with light duty restrictions. Plaintiff sent Ms. Griffiths a copy of the doctor's note listing his restrictions and made a reasonable request for an accommodation of light duty work.

24. Plaintiff did not receive a response to his request for accommodation and Defendant failed to engage in the interactive process with him.

25. In October 2019, Plaintiff called Defendant to inquire about disability benefits. Plaintiff spoke with Marielle (last name unknown), Secretary, who informed Plaintiff that Defendant had allegedly lost their contract with the Raleigh-Durham International Airport and employees were being transferred to other job sites. Marielle directed Plaintiff to contact Human Resources for more information.

26. Plaintiff emailed Ms. Griffiths inquiring about his return to work.

27. Plaintiff did not receive a response from Ms. Griffiths.

28. Soon after Plaintiff was cleared to return to work. Defendant terminated him effective October 1, 2019.

29. Further, Defendant did not timely inform Plaintiff that Defendant's contract with Raleigh-Durham International Airport had ended and did not provide Plaintiff the option to transfer to another location as it did for similarly situated non-disabled employees that were not using FMLA leave.

30. Defendant did not provide Plaintiff information on how to apply for a position with the new Raleigh Durham International Airport contract holder as it did for similarly situated non-disabled employees who were not using FMLA leave.

31. Plaintiff has been damaged by Defendant's illegal conduct.

32. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I:
## Retaliation in Violation of the FMLA

33. Plaintiff re-alleges and adopts, as fully set forth herein, the allegations stated in paragraphs 1-32 above.

34. Plaintiff was an employee eligible for protected leave under the FMLA.

35. Defendant is and was an employer as defined by the FMLA.

36. Plaintiff exercised or attempted to exercise his rights under the FMLA.

37. Defendant retaliated against Plaintiff for exercising or attempting to exercise his FMLA rights.

38. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

39. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which Plaintiff is entitled to legal relief.

## Count II:
## Interference in Violation of the FMLA

40. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

41. Plaintiff was an employee eligible for protected leave under the FMLA.

42. Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

43. Defendant interfered with Plaintiff's lawful exercise of his FMLA rights.

44. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

45. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which he is entitled to legal relief.

### Count III:
### Disability Discrimination in Violation of the ADA

46. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

47. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

48. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

49. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

50. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on his disability.

51. Defendant intentionally discriminated against Plaintiff on the basis of his disability.

52. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

53. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count IV:
## Retaliation in Violation of the ADA

54. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

55. Defendant retaliated against Plaintiff for engaging in protected activity when Plaintiff requested reasonable accommodations under the ADA by terminating his employment.

56. Defendant's conduct violates the ADA.

57. Defendant's discriminatory conduct in violation of the ADA has caused Plaintiff to suffer loss of pay, benefits, and prestige.

58. Defendant's actions have caused Plaintiff to suffer mental and emotional distress entitling him to compensatory damages.

59. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

*/s/ Gary Martoccio*
Gary Martoccio
North Carolina Attorney Registration No. 54125
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*